# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-505-RJC-DCK

| | |
|---|---|
| VERNON BOYTON, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )   **ORDER**<br>) |
| XEROX COMMERCIAL SOLUTIONS, LLC; AFFILIATED COMPUTER SERVICES, LLC; and CONDUENT BUSINESS SERVICES, LLC, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Compel Arbitration And Dismiss Or In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 9) and *pro se* Plaintiff's "Amended Complaint" (Document No. 11). The pending motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>deny</u> the motion as moot.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Here, Plaintiff Vernon Boyton, appearing *pro se*, timely filed an Amended Complaint as a matter of course. (Document No. 11). It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect").

Based on the foregoing, the undersigned finds that Defendants' pending motion should be denied as moot; however, this denial is without prejudice to Defendants re-filing a similar motion in response to the "Amended Complaint" (Document No. 11). To the extent the Amended Complaint attempts to assert any "motions" for various forms of relief, such as document production, Plaintiff must file a separate motion and supporting brief consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court. See Local Rule 7.1.

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Compel Arbitration And Dismiss Or In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 9) is **DENIED AS MOOT**. Defendants may re-file their motion if appropriate.

**SO ORDERED.**

Signed: November 1, 2017

David C. Keesler
United States Magistrate Judge