UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-505-RJC-DCK

| | |
|---|---|
| VERNON BOYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| XEROX COMMERCIAL SOLUTIONS, ) | |
| LLC, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendants' Second Motion to Compel Arbitration and Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration, (Doc. No. 13); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 25), recommending the Court grant and deny Defendants' motion in part. Specifically, the Magistrate Judge recommends the Court grant Defendants' request to compel arbitration and dismiss Plaintiff's Amended Complaint, (Doc. No. 11), but deny Defendants' request for reasonable costs and attorneys' fees. (Doc. No. 25 at 13). The parties have not filed objections to the M&R and the time for doing so has expired. Fed. R. Civ. P. 72(b)(2).

I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R reproduced below:

1

*Pro se* Plaintiff Vernon Boyton ("Plaintiff") initiated this action by filing a "Complaint" (Document No. 1) on August 21, 2017. In the Complaint, Plaintiff asserts that Defendants Xerox Commercial Solutions, LLC, Affiliated Computer Services, LLC, and Conduent Business Services, LLC ("Defendants") did not select him for a job promotion because of his race and because he requested reasonable accommodations for his disability. (Document No. 1, p. 3). Accordingly, Plaintiff alleges that Defendants violated Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act of 1990, and the Age Discrimination in Employment Act of 1967. (Document No. 1, p. 3).

On October 16, 2017, Defendants filed "Defendants' Motion To Compel Arbitration And Dismiss Or In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 9). On November 1, 2017, the undersigned issued an Order (Document No. 12) denying that motion as moot because Plaintiff had filed an "Amended Complaint" (Document No. 11) on October 30, 2017. However, the November 1, 2017, Order also stated that the denial was "without prejudice to Defendant re-filing a similar motion in response to [Plaintiff's] 'Amended Complaint.'" (Document No. 12, p. 2).

The "Amended Complaint" (Document No. 11) that Plaintiff filed on October 30, 2017, repeats the allegations of the initial "Complaint" and then moves, among other things that: (1) Defendants "produce Plaintiff's 'wet signature' on any arbitration agreement that may have been signed as a matter of employment;" and (2) this Court stay consideration of Defendants' motion to compel arbitration until this Court holds a hearing on Defendants' "attorney Mary Jo L. Roberts['] unauthorized practice of law in North Carolina." (Document No. 11, p. 4). Plaintiff's attempt to have this Court hold a hearing on Roberts' alleged unauthorized practice of law in North Carolina comes despite the undersigned's *pro hac vice* admission of Roberts to represent Defendants in this Court on September 18, 2017. (Document No. 8, p. 1). Moreover, in the November 1, 2017, Order, the undersigned advised Plaintiff that to "the extent [Plaintiff's] Amended Complaint attempts to assert any motions for … relief, such as document production, Plaintiff must file a separate motion and supporting brief." (Document No. 12, p. 2) (citing Local Rule 7.1).

On November 13, 2017, "Defendants' Second Motion To Compel Arbitration And Dismiss Or In The Alternative, To Stay Proceedings Pending Arbitration" (Document No. 13) was filed. In support of this motion, Defendants argue that because "Plaintiff agreed [under a

Dispute Resolution Plan] to solve any and all employment-related disputes … through arbitration … the proper venue for this claim is arbitration rather than any court." (Document No. 13-1, pp. 2-3); see also (Document No. 13-4) (the Dispute Resolution Plan); (Document No. 13-6) (the agreement to be bound by the Dispute Resolution Plan).

Defendants' filing of their "…Second Motion To Compel Arbitration And Dismiss..." prompted the undersigned to issue an Order (Document No. 14) in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). This Order advised Plaintiff that he had a right to respond to "Defendants' Second Motion To Compel Arbitration And Dismiss..." on or before November 27, 2017. (Document No. 14, p. 1). Further, the Order advised Plaintiff that failure to file a timely response to "Defendants' Second Motion To Compel Arbitration And Dismiss..." could result in the dismissal of Plaintiff's Amended Complaint. (Document No. 14, p. 1).

To date, Plaintiff has failed to file a response to the pending "…Motion To Compel Arbitration And Dismiss...." On November 27, 2017, Plaintiff did file a "Motion … for a Temporary Restrain[ing] Order" (Document No. 15).[1] Through this motion, Plaintiff seeks "to engage the office of the Ombudsman as provided for in the Dispute Resolution Plan." (Document No. 15, p. 2); see also (Document No. 13-4, p. 8-9); (Document No. 13-8 p. 4) (excerpts from the Xerox Services Employee Guidebook). The Dispute Resolution Plan ("DRP") to which Plaintiff refers is the same document that Defendants point to in contending that Plaintiff is required to arbitrate his claim. (Document No. 13-1, pp. 3-5); see also (Document No. 13-4). Plaintiff's "Motion … for a Temporary Restrain[ing] Order" also addresses Defendants' second motion to compel arbitration, asserting that his "engagement in seeking the Office of the Ombudsman will effectively render Defendant's motion to compel arbitration moot." (Document No. 15, p. 3).

On December 11, 2017, Defendants filed an "Opposition Memorandum to Plaintiff's Motion for Temporary Restrain[ing] Order" (Document No. 16). In their memorandum, Defendants argue that Plaintiff's motion for a temporary restraining order ("TRO") should be denied because the motion does not set forth the proper prerequisites for a TRO, nor does the motion properly oppose their second motion to compel arbitration. (Document No. 16, p. 2).

---

[1] The undersigned does not construe this filing as a response to the pending motion to compel arbitration, nor may a party include a motion in a responsive brief. See Local Rule 7.1(c)(2).

3

On January 2, 2018, Plaintiff filed an "Answer to Defendant's Opposition Memorandum for Temporary Restrain[ing] Order" (Document No. 17).[2] This filing cites provisions of the DRP in an attempt to support Plaintiff's contention that he is entitled to a TRO. (Document No. 17, pp. 2-3) (citing Document No. 13-4, pp. 8-10, 20). In addition, Plaintiff renews his allegation that Roberts has engaged in professional misconduct. (Document No. 17, pp. 4-7). While renewing his allegation against Roberts, Plaintiff also discusses the DRP. Among other things, Plaintiff writes that

> [t]here ha[s] not been any evidence presented to the court that actual[ly] shows that Plaintiff has refused to submit to arbitration. In fact the evidence shows to the contrary that Plaintiff did in fact agree to arbitration.

(Document No. 17, p. 6). Despite this language, Plaintiff concludes the filing by requesting that this Court deny Defendants' second motion to compel arbitration based on the provisions of the DRP that allegedly entitle him to a TRO. (Document No. 17, p. 8).

Two weeks later, on January 16, 2018, Plaintiff filed a "Motion to Dismiss Xerox's Dispute Resolution Plan Due [t]o Breach of Contract …" (Document No. 18). Plaintiff bases this breach-of-contract claim on an allegation that Defendants terminated Plaintiff's employment in violation of federal law and regulations. (Document No. 18, pp. 2-3).

On January 30, 2018, Defendants responded to Plaintiff's January 16, 2018, motion with an "Opposition Memorandum to Plaintiff's Motion to Dismiss Xerox's Dispute Resolution Plan due to Breach of Contract" (Document No. 19). Defendants' memorandum asserts that the breach of contract that Plaintiff alleges is subject to arbitration under the DRP. (Document No. 19, pp. 3-4). In addition, the memorandum attempts to persuade this Court to issue an order requiring the Parties to obtain leave of the Court before filing additional motions. (Document No. 19, pp. 4-5).

On February 7, 2018—the day after Plaintiff's deadline to file a reply in support of his January 6, 2018, "Motion to Dismiss Xerox's Dispute Resolution Plan Due [t]o Breach of Contract …" — Plaintiff made a filing that he styled "Defamation of Character, Slander, Libel Negligence and

---

[2] Because Plaintiff filed this reply more than seven days after "Defendants' Opposition Memorandum to Plaintiff's Motion for Temporary Restrain[ing] Order" (Document No. 16) was filed, the reply violates Local Rule 7.1(e).

4

Intentionally [sic] Infliction of Emotional Distress" (Document No. 20). On the same day that Plaintiff made this filing, the undersigned, unsure of what exactly Plaintiff sought to accomplish by it, denied the filing without prejudice. (Document No. 21). In denying the filing, the undersigned also advised Plaintiff how to properly seek to further amend his Complaint. (Document No. 21, p. 2).

On February 20, 2017, Plaintiff filed a "Response To Defendant[s'] Opposition Memorandum To Plaintiff's Motion To Dismiss Xerox's Dispute Resolution Plan Due [T]o Breach Of Contract" (Document No. 22).[3] In this filing, Plaintiff argues, on the one hand, that "the DRP is a legal and valid contract" and that this Court should "deny Defendant[s'] motion to compel arbitration based on the written provision of the DRP [that allows for the grant of] a temporary restraining order." (Document No. 22, p. 3, 6). But Plaintiff also argues, on the other hand, that this Court should find, based on Defendants' "grievous act" of terminating Plaintiff's employment, that the DRP is "illusory and unconscionable and therefore unenforceable." (Document No. 22, p. 7). Plaintiff does not point to any specific DRP provisions that this Court should find unenforceable. Plaintiff thus seems to argue that this Court should enforce one provision of the DRP but also find the DRP unenforceable as a whole. (Document No. 22, pp. 6-7).

In light of the foregoing, "Defendants' Second Motion To Compel Arbitration And Dismiss Or In The Alternative, To Stay Proceedings Pending Arbitration" is ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Robert J. Conrad, Jr., is now appropriate.

(Doc. No. 28 at 1–6) (footnotes in original).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district

---

[3] Because Plaintiff filed this reply more than seven days after "Defendants' Opposition Memorandum to Plaintiff's Motion to Dismiss Xerox's Dispute Resolution Plan due to Breach of Contract" (Document No. 19) was filed, the reply violates Local Rule 7.1(e).

5

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). No objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to de novo review of any issue covered in the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in

accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own.

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 25), is **ADOPTED**;

2. Defendants' "Second Motion to Compel Arbitration and Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration," (Doc. No. 13), is **GRANTED in part and DENIED in part** as follows:

    a. The Court **GRANTS** Defendants' request to compel arbitration and dismiss Plaintiff's Amended Complaint;

    b. The Court **DENIES** Defendants' request for reasonable costs attorneys' fees;

3. Plaintiff's Motion for a Temporary Restraining Order, (Doc. No. 15), is **DENIED AS MOOT**;

4. Plaintiff's Motion to Dismiss, (Doc. No. 18), is **DENIED AS MOOT**; and

5. The Clerk of Court is directed to close this case.

Signed: August 21, 2018

Robert J. Conrad, Jr.
United States District Judge